IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ernest Lee Mabry, #136119, ) | |
| ) | |
| Plaintiff, ) | C/A No. 0:07-03574-JFA-PJG |
| ) | |
| v. ) | |
| ) | |
| Williamsburg County Sheriff Department; ) | |
| Justin Whack; Willie Brown; and ) | **REPORT AND RECOMMENDATION** |
| Officer Ballard; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendant's motion for summary judgment. (Docket Entry 18.) The plaintiff, Ernest Lee Mabry ("Mabry"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 claiming that the defendants, including the Williamsburg County Sheriff's Department and three law enforcement officials employed there, violated his constitutional rights by conducting an illegal search and seizure. Essentially, Mabry alleges that the defendants searched and ransacked his home and his mother's car without consent and were verbally abusive to his mother. (Compl., Docket Entry 1 at 4). The individual defendants filed affidavits refuting these allegations.

**PROCEDURAL HISTORY**

The defendants have moved for summary judgment. (Docket Entry 18.) By order of this court filed March 17, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Mabry was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 19.) Mabry filed a response in opposition to the

defendants' motion for summary judgment on March 2, 2008. (Docket Entry 21.) The defendants filed a reply to Mabry's response on April 7, 2008. (Docket Entry 22.) The motion is now before the court for a Report and Recommendation.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319



(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

**DISCUSSION**

To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. The defendants raise several grounds which they assert entitle them to summary judgment on Mabry's claims. In his response, Mabry states that he objects to summary judgment but offers no affidavits or exhibits in support of his claims. (See Docket Entry 21.)

As an initial matter, the court observes that Defendant Williamsburg County Sheriff's Department is not a "person" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). As an arm of the State, the Williamsburg County Sheriff's Department is immune from suit under the Eleventh Amendment to the United States Constitution. McCall v. Williams, 52 F. Supp. 2d 611, 623 (D.S.C. 1999) (holding that the county sheriff's department as an arm of the state is entitled to Eleventh Amendment immunity). Defendants Whack, Brown, and Ballard, to the extent they are sued in their official capacities, are similarly immune from suit. Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities).



Moreover, to the extent Defendant Brown is sued in his individual capacity, the record does not contain evidence from which a reasonable jury could find that Brown was involved in the allegedly unconstitutional incident on April 20, 2007 about which Mabry complains. (Brown Aff. ¶ 3, Docket Entry 18, Attachment 2 at 4); (Ballard Aff. ¶ 17, Docket Entry 18, Attachment 2 at 3); (Whack Aff. ¶ 24, Docket Entry 18, Attachment 2 at 10). Other than a conclusory statement in his Complaint[1] that "Willie Brown stayed at my house" after Mabry went with an officer to the sheriff's department to make a statement, Mabry has come forward with absolutely no evidence refuting these affidavits and tending to show that Brown violated his constitutional rights. In the face of the evidence presented by the defendants in support of their motion, Mabry has not met his burden to survive summary judgment by producing evidence beyond mere allegations that Brown was present. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (stating that once the moving party carries its burden, the nonmoving party must do more than show "some metaphysical doubt as to the material facts"; he must provide "specific facts showing that there is a *genuine issue for trial*.") (emphasis in original) (citations omitted); Anderson, 477 U.S. at 250 (stating that "when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial'") (quoting Fed. R. Civ. P. 56(e)).

Finally, all defendants are entitled to summary judgment because Mabry has not presented sufficient evidence to refute the defendants' proof that the search was consensual. The defendants have supported their motion with affidavits averring that they obtained consent from Mabry's

---

[1] Mabry's Complaint was signed under penalty of perjury as true and correct and therefore is treated as an affidavit. See 28 U.S.C. § 1746 (noting that unsworn declarations can satisfy an affidavit requirement if signed under penalty of perjury).



mother to enter and search the house and to search her car. Although Mabry asserts in his complaint that "[n]o one let them in the house," he has not presented any evidence from which a reasonable jury could find that the defendants lacked consent to enter and search. Notably, Mabry has not presented any statement from his mother, whose consent the defendants aver they obtained. Further, the face of the complaint reveals that Mabry was not present when many of the events of which he complains allegedly took place, and therefore lacks personal knowledge of what occurred. (Compl., Docket Entry 1 at 4.)[2]

Moreover, it appears that the defendants would be entitled to qualified immunity in any event. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Because the unrefuted evidence establishes that the defendants reasonably believed they had Mabry's mother's consent to search, Mabry cannot establish that the defendants knowingly violated the law. See Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendants's motion for summary judgment (Docket Entry 18) be granted. Further, to the extent that the plaintiff has alleged

---

[2] The court observes that Mabry lacks standing to assert any claim based on the allegations of conduct directed toward his mother. See Fed. R. Civ. P. 17 (requiring that claims be prosecuted in the name of the real party in interest); Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004) (characterizing the question of standing as whether a litigant is entitled to have the court decide the merits of the dispute or particular issue).

PJG

any cause of action under state law, the court should decline to exercise supplemental jurisdiction over those claims.

*Paige J. Gossett*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 12, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).