IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA


Ernest Lee Mabry, #136119,                )    C/A No.:  0:07-3574-JFA-PJG
                                          )
                      Plaintiff,          )
        vs.                               )         **ORDER**
                                          )
Williamsburg County Sheriff's             )
Department; Justin Whack; Willie Brown;   )
and Officer Ballard,                      )
                                          )
                      Defendants.         )
_____   )


        The *pro se* plaintiff, Ernest Lee Mabry, is an inmate at Evans Correctional Institution,

a facility of the South Carolina Department of Corrections ("SCDC").  He initiated this action

pursuant to 42 U.S.C. § 1983 against the defendants contending that they violated his

constitutional rights by conducting an illegal search and seizure.  He seeks damages in the

amount of $250,000.

        The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation wherein she suggests that this court should grant the defendants' motion for

_____

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

1

summary judgment.[2]   The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.   The plaintiff filed timely objections to the Report and Recommendation, which was entered on the docket on February 12, 2009.

In the Report, the Magistrate Judge suggests that defendant Williamsburg County Sheriff's Department is a not a "person" within the meaning of 42 U.S.C. § 1983 and that as an arm of the State, the Williamsburg County Sheriff's Department is immune from suit under the Eleventh Amendment to the United States Constitution.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).   Additionally, the Magistrate Judge concludes that defendants Whack, Brown, and Ballard, to the extent they are sued in their official capacities, are similarly immune from suit.

The Magistrate Judge also suggests that the individual defendants are entitled to qualified immunity.  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).   In particular, the Magistrate Judge finds that the plaintiff has not met his burden to survive summary judgment in that he has not presented sufficient evidence to refute the defendants' proof that the search was consensual.

After a careful review of the record, the applicable law, and the Report, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by

---

[2]  An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  The plaintiff responded to the motion.

reference.  The court has reviewed the plaintiff's objections and finds that they are without merit.  Accordingly, the defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

March 3, 2009                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge